Filed 6/21/22  Conservatorship of Bobby H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of Bobby H. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY,<br><br>     Petitioner and Respondent,<br><br>v.<br><br>Bobby H.,<br><br>     Objector and Appellant. | A162705<br><br>(Contra Costa County<br>Super. Ct. No. P1901213) |

Bobby H. appeals from a trial court order reestablishing a conservatorship over his person under the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.[1]).  He contends the evidence was insufficient to support (1) the jury's determination that he is gravely disabled and (2) the court's determination that a locked facility was the least restrictive placement for him.

While this appeal was pending, the Public Guardian of Contra Costa County (Public Guardian) filed a new petition for reappointment of a

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

conservator.  A trial date has now been set.  Because of these events, the Public Guardian argues the appeal should be dismissed as moot.  We agree and dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2021, the Public Guardian filed a petition seeking reappointment as conservator for Bobby H.  After a trial in May 2021, a jury found that Bobby H. was gravely disabled due to a mental disorder.  On May 17, 2021, the trial court issued the reappointment order and determined a locked facility was the least restrictive placement for Bobby H.  Bobby H. appealed.

While this appeal was pending, the Public Guardian filed a motion to dismiss the appeal.  In sum, the Public Guardian contends that Bobby H.'s challenge to the earlier jury verdict and the court's locked facility determination has been rendered moot because another petition for reappointment of a conservator had been filed on February 10, 2022, and a court trial for that petition was set for May 9, 2022.[2]

### DISCUSSION

Under the LPS Act, "[a] conservator of the person . . . may be appointed for a person who is gravely disabled as a result of a mental health disorder . . . ." (§ 5350.)  A person is considered " 'gravely disabled' " when he

---

[2]     The Public Guardian also requested that we take judicial notice of the February 2022 petition for reappointment, and a printout of the trial court's scheduled hearings in the case from February 10, 2022 to May 9, 2022, showing a court trial was set for May 9, 2022.  Bobby H. does not oppose the request for judicial notice.  Under Evidence Code sections 452, subdivision (d) and 459, subdivision (a), we grant the Public Guardian's unopposed request for judicial notice.  (*In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390 [appellate court has the authority to consider "subsequent proceedings . . . and find the appeal has been rendered moot"].)

or she, "as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A).) The court may appoint a conservator to provide individualized treatment, supervision, and placement to someone who is gravely disabled. (§ 5350.1.) Such a conservatorship automatically expires after one year. (§ 5361.) Thereafter the conservator may petition to reestablish the conservatorship for additional one-year periods. (*Ibid.*)

In contending Bobby H.'s appeal is moot, the Public Guardian argues there is no effectual remedy that can be offered to Bobby H. That is, even if Bobby H. succeeded in his appeal, he would be in no better position than he is right now as he awaits a new trial on the latest petition for reappointment of a conservator.[3] Bobby H. acknowledges the appeal is moot, and we agree. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 [pivotal question in determining mootness is "whether the court can grant the plaintiff any effectual relief"].)

Despite the appeal's mootness, Bobby H. argues we should still consider the merits of the issues raised on appeal. For the reasons that follow, we decline to do so.

A court may exercise its discretion to resolve an otherwise moot issue in three circumstances: " '[1] when there remain "material questions for the court's determination" [citation], [2] where a "pending case poses an issue of broad public interest that is likely to recur" [citation], or [3] where "there is a likelihood of recurrence of the controversy between the same parties or others." ' " (*In re David B.* (2017) 12 Cal.App.5th 633, 644 (*David B.*).)

---

[3]   The parties have not informed us of the outcome of the May 9, 2022 trial, or if it went forward as scheduled.

Bobby H. argues we should consider his appellate issues—i.e., whether substantial evidence supports the jury's grave disability determination and the trial court's locked facility determination—because they are capable of repetition but likely to evade review due to the short duration of a conservatorship in relation to the appellate process. He invokes, in essence, the aforementioned third exception to dismissal on grounds of mootness. (*David B.*, *supra*, 12 Cal.App.5th at p. 644.) We are not persuaded.

"Despite the nuanced variation in [the] articulations of when an appellate court may proceed to decide an otherwise moot appeal, the common thread running through the cases is that doing so is appropriate *only if a ruling on the merits will affect future proceedings between the parties or will have some precedential consequence in future litigation generally*." (*David B.*, *supra*, 12 Cal.App.5th at p. 654, italics added.)

Here, the proceedings concerning the 2022 reappointment petition will require that the Public Guardian prove grave disability anew and establish the propriety of placing Bobby H. in a locked facility based on his present condition and needs. (§§ 5358, 5361; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543 [focus of an LPS conservatorship is "on a conservatee's current needs and condition"], 542 ["At a hearing to reestablish a conservatorship after its automatic expiration, the standard of proof beyond a reasonable doubt and the rights to appointed counsel, to a court or jury trial, and to a unanimous jury verdict again apply."]; cf. § 5368 [former conservatee shall not be presumed incompetent].) Thus, our review of the sufficiency of the evidence for the jury and court determinations at the 2021 trial would have no bearing in future proceedings.

Moreover, it appears from a motion to compel the production of the delinquent record on appeal that there was a delay by the court reporter

4

filing the record that hampered the appeal.[4] While this is unfortunate, there is no indication this was the fault of the parties, and we cannot agree with the suggestion that all appeals of LPS conservatorships are inevitably moot due to the one-year duration of conservatorships. In any event, the appeal here involves fact-intensive inquiries concerning Bobby H.'s individual mental health status and circumstances and does not concern matters of widespread interest.

## DISPOSITION

The appeal is dismissed as moot.

---

[4] The record on appeal was filed after this motion, rendering the motion moot.

_____

Fujisaki, Acting P. J.

WE CONCUR:


_____

Petrou, J.


_____

Rodríguez, J.


A162705